OPINION
{¶ 1} Appellant Kevin Sivey appeals the judgment of the Court of Common Pleas of Stark County, Ohio, which ordered him to remove his belongings from a house at 60 East Oxford, Alliance, Stark County, Ohio so the City could demolish the home. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court erred in finding that the appellant was in violation of the settlement entry."
 {¶ 3} The record indicates this case began as an administrative appeal from the Alliance City Board of Health's decision to demolish the house located at 60 East Oxford. The matter was scheduled for an evidentiary hearing, but prior to the hearing, the parties entered into a settlement agreement, journalized by the court on November 12, 2003. Pursuant to the terms of the agreement, appellant was to produce a report from a registered professional structural engineer confirming that the house was structurally sound. Appellant agreed to conform to all recommendations contained in the engineer's report, and the target date for the completion of the engineer's recommendations was set at sixty days from the production of the report unless extensions were granted because of delays occasioned by any contractors hired to perform the required work. Appellant agreed to remove all debris and materials by properly disposing of them, storing them indoors, or moving them beyond the Alliance City limits. Appellant agreed to complete this cleanup on or before 20 days of the date of the entry, and receive approval from the Alliance City Health Commissioner.
 {¶ 4} The agreement provided if appellant failed in completing any of above, the City of Alliance may demolish the structure without further objection. If appellant complied with all the provisions, then the City agreed to cease its efforts to demolish the house. If appellant abandoned his efforts to preserve the home, the City of Alliance was to permit appellant 10 business days to remove his belongings before the demolition.
 {¶ 5} The trial court's judgment entry granting the order of demolition found appellant has secured a report from John W. Felton, PE of Professional Civil Structural Group, Inc., dated November 7, several days before the settlement agreement was journalized. The court found more than 60 days had passed since the production of the report, but appellant had failed to complete the repairs the engineer had listed. The court concluded appellant had breached the settlement agreement, and the City could proceed with demolition.
 {¶ 6} The structural inspection report found the house in question to be "quite sturdy structurally". The foundation showed no signs of settling or pushing in, and the floors were generally solid and had no undue sagging of the joists. The walls were not bowed and were properly aligned. Although there was water damage, the report indicated the structural members had not rotted.
 {¶ 7} The report found there was extensive work to be done in order to salvage the home. The recommendations included repair of the roof, replacement of deteriorated eave trim and gutters, installation of corner trim, repair of doors and windows, and completion of siding repair and replacement, on which the report noted appellant had "a good start".
 {¶ 8} Once appellant had "weathered in" the house, there were 3 or 4 door openings in the basement which needed structural lintels installed. The engineering report recommended steel angles to provide the required strength without cutting into already limited headroom. The front and rear porches and steps needed to be rebuilt. The report recommended moving all materials not to be used for repair from the interior and exterior of the house so additional inspections could be made to determine if more repairs were needed.
 {¶ 9} The report found there was no frost resistant foundation to the garage, and so the engineer recommended the garage not be re-built with the existing walls. However, the engineer recommended appellant use the walls as a temporary fence, and add gates to give some protected storage for construction and repair materials. The engineer advised the better the home looked on the outside, the less trouble appellant would have with vandalism and thefts.
 {¶ 10} Appellant appears to concede not all of the various recommendations contained in the engineer's report had been completed, but urges he had accomplished the primary goal of the settlement entry, which he defines as confirming the building will not pose a threat to the public welfare while allowing him the opportunity to repair any structural flaws which might constitute a danger to the public. At the hearing, Mr. Fenton testified the house was structurally safe and not a danger to the public. The engineer testified the building was structurally sound on the date he first inspected it, and it had improved since then.
 {¶ 11} Appellant urges R.C. 715.26 permits a city to remove buildings within its jurisdiction if they are insecure, unsafe, or structurally defective. Appellant urges because the house is not insecure, unsafe, or structurally defective, the City should not be allowed to demolish his house.
 {¶ 12} Appellee urges our focus should be the settlement agreement between the parties. Appellee argues it contains clear language, to the effect that if appellant does not do the repairs listed in the report, then the city may demolish the property. We agree. Regardless of the statutory authority under which this matter was initiated, the settlement agreement between the parties is the document which must control, The agreement contains no language limiting the required repairs to only those which correct structural defects. Appellant did not meet his obligations under the agreement, nor did he demonstrate he was entitled to an extension of time in order to do so.
 {¶ 13} We find the trial court was correct in finding the City of Alliance is entitled to demolish the house.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} Appellee moves this court to find this was a frivolous appeal pursuant to App. R. 23, and to order appellant to pay appellee's costs and attorney fees. R.C. 2505.35 provides if an appellate court certifies in its judgment there was reasonable cause for appeal, then fees, interest, and damages, should not be taxed.
 {¶ 16} We find there was reasonable cause for the appeal, and we overrule appellee's motion for fees and costs of the appeal.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.